Filed 8/18/15  P. v. Morgan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051554 |
| v. | (Super. Ct. No. 06NF2378) |
| JEFFREY ALLEN MORGAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*            \*            \*

We appointed counsel to represent defendant Jeffrey Allen Morgan on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. Defendant was given 30 days to file written argument in defendant's own behalf. That period has passed, and we have received no communication from defendant.

In 2006, defendant was charged with felony possession of a controlled substance and misdemeanor possession of paraphernalia. Five days later, he pled guilty to the charges. The court placed him on probation for three years, one of the terms of which was serving 30 days in jail. Five months later the court found defendant in violation of his probation, and sentenced him to 90 days in jail. In August 2008, defendant was once again found in violation of his probation, and he was sentenced to serve 180 days in jail. In January 2009, he was again found in violation of probation, but this time the court terminated his probation and sentenced him to 16 months in prison.

In 2014, defendant applied to have his felony designated as a misdemeanor pursuant to Penal Code section 1170.18, but subdivision (i) of that section states that relief is not available to persons who have a conviction requiring registration pursuant to Penal Code section 290, subdivision (c). The trial court denied the requested relief, stating: "I see an underlying case, in 13NF1115, to which the defendant was convicted of a 290 registration count, failure to register. And, in that complaint, it is alleging the 243.4(d), sexual battery charge, as the underlying basis for that."

2

We have examined the record and found no arguable issue.  (*People v. Wende* (1979) 25 Cal.3d 436.)  The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.